UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

VINCENT HARRIS,

       Plaintiff,

v.

MEDOX CORPORATION, KAREN SHAEFFER,
and MEGAN SHAEFFER ,

       Defendants.
_____/

## COMPLAINT

Plaintiff, VINCENT HARRIS, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, MEDOX CORPORATION, KAREN SHAEFFER, and MEGAN SHAEFFER, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, MEDOX CORPORATION was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

1

6. At all times material hereto MEDOX CORPORATION had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, MEDOX CORPORATION, upon information and belief, had revenue in excess of $500,000.00 per annum.

8. At all times material hereto, MEDOX CORPORATION was Plaintiff's employer as defined by law.

9. At all times material hereto, KAREN SHAEFFER was Plaintiff's employer as defined by law.

10. At all times material hereto, MEGAN SHAEFFER was Plaintiff's employer as defined by law.

11. At all times material hereto, Plaintiff was individually engaged in commerce while working for Defendants.

**COUNT I: FLSA RECOVERY OF OVERTIME WAGES**

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above.

13. Plaintiff worked for Defendants from approximately 2001 to November 2011.

14. Plaintiff worked for Defendants as a service technician.

15. Plaintiff's primary duties and responsibilities included servicing, replacing and fixing oxygen equipment.

16. Plaintiff was paid every two weeks on a salary basis.

2

17. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

18. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

19. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

20. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT II: FLSA RECOVERY OF OVERTIME WAGES
### COLLECTIVE ACTION COUNT

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above.

22. Plaintiff worked for Defendants from approximately 2001 to November 2011.

23. Plaintiff worked for Defendants as a service technician.

24. Plaintiff's primary duties and responsibilities included servicing, replacing and fixing oxygen equipment.

25. Plaintiff was paid every two weeks on a salary basis.

rkweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

26. During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

27. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

28. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

29. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

30. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**VERIFICATION OF PLAINTIFF**

I, VINCENT HARRIS, hereby declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
VINCENT HARRIS, as Plaintiff

3-28-13
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
4705 S.W. 148th Avenue, Suite 102
Davie, Florida 33330-2417
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

_____
TODD W. SHULBY
Florida Bar No. 068365

5