```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

VINCENT HARRIS,

        Plaintiff,

v.                                  Case No. 8:13-cv-878-T-33TGW

MEDOX CORPORATION, KAREN
SHAEFFER, and MEGAN SHAEFFER,

        Defendants.
_____/

## ORDER

This matter is before the Court pursuant to the parties' Stipulation for Dismissal of this Fair Labor Standards Act case, filed on July 5, 2013. (Doc. # 14). The stipulation states that the parties "stipulate to the dismissal of this entire action, on the merits, and with prejudice as to all claims." Id. at 1. As Plaintiff seeks relief under the Fair Labor Standards Act, additional information is needed before this Court can dispose of this case.

## Analysis

Plaintiff filed his complaint against Defendants, his employer, on April 5, 2013, alleging that Defendants failed to pay him overtime compensation in violation of the FLSA. (Doc. # 1).

The Eleventh Circuit ruled in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982), that

"Congress made the FLSA's terms mandatory; thus, the provisions are not subject to negotiations or bargaining between employers and employees.  FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purpose of the statute and thwart the legislative policies it was designed to effectuate." (internal citations omitted).

In Lynn's Food, the employer sought judicial approval of private agreements it entered into with its employees to settle FLSA violations.  Pursuant to the settlement agreements, the employees waived their rights to file FLSA claims in exchange for a small fraction of the back wages that the Department of Labor concluded that the employees were owed. Specifically, the employer offered only $1,000.00 to be divided between fourteen employees.  The employees were not represented by counsel, and it was clear that the employees were not fairly compensated.  Concerned about the unequal bargaining power between employers and employees, the Eleventh Circuit ruled that the agreements could not be approved absent supervision of the Department of Labor or a stipulated judgment entered by a court which has determined that the settlement is a fair and reasonable resolution of the FLSA claims.  Thus, a compromise of an employee's FLSA rights

through a settlement of a lawsuit is subject to judicial scrutiny. Id.

The parties represent in the stipulation that "the agreement reached by the Parties includes a payment to Plaintiff in full for all of Plaintiff's FLSA wage claims, including liquidated damages, and attorney's fees and costs. As such, the resolution of this matter does not constitute a 'compromise' which would involve Court review and/or approval pursuant to [Lynn's Food]." (Doc. # 14 at 1).

However, "Lynn's Food suggests no exception to judicial oversight of settlements when the employee receives all wages due." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). Despite the parties' assertion to the contrary, it is only "after judicial inquiry confirms both 'full compensation' and 'no side deal' (in other words, the absence of compromise), [that] no further judicial inquiry is necessary. In every other instance, Lynn's Food requires plenary review by the district court." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

Because the parties' stipulation fails to preclude the existence of a compromise -- in particular, the stipulation does not confirm the absence of any "side deals" -- the parties' stipulation for dismissal is rejected. Accordingly, by July 16, 2013, the parties shall file a motion for approval

of the settlement of this case consistent with the authorities outlined above.  The  parties are advised that this Court will not accept a generic motion devoid of relevant information about the settlement at issue, and must attach any written agreement or memorialization of the terms of the settlement to the motion.  The motion must confirm that the attached agreement includes every term and condition of the parties' settlement (in other words, confirm the absence of any "side deal") and if, in fact, the settlement involves a compromise (that is, if Plaintiff either receives less than the full compensation claimed for unpaid wages, liquidated damages, and attorney's fees or agrees to any term other than the release of her claim in exchange for full compensation), the parties must identify the bona fide dispute or disputes resolved by the compromise and state the reason for the compromise.  Additionally, the parties must either demonstrate the reasonableness of the proposed attorney's fees using the lodestar approach or represent that the parties negotiated the attorney's fees separately and without regard to the amount paid to settle Plaintiff's FLSA claim.

Accordingly, it is

**ORDERED ADJUDGED and DECREED:**

The parties shall file a detailed and specific motion for Court approval of the settlement of this Fair Labor Standards

Act case by July 16, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record